# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

RASHPAL SINGH,

    Petitioner,

vs.

KRISTI NOEM, et al.

    Respondents.

No. C26-12-LTS-MAR

**MEMORANDUM OPINION AND ORDER**

    Petitioner Rashpal Singh is a India national who entered the United States around January 2023 without inspection. He was detained soon after his arrival and released on a $7,500 bond without issue. Doc. 1 at 2. In November 2025, Singh encountered Immigration and Customs Enforcement (ICE) in Iowa while traveling through the state in a truck for his work. *Id*. ICE arrested him for seemingly no other reason than its recent change-in-policy purporting to define every alien who entered the United States without inspection subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Singh then petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, contending that he falls within a class of aliens eligible for bond under 8 U.S.C. § 1226(a).[1] Respondents filed a late response (Doc. 8), to which Singh has responded and has moved to strike (Doc. 6). Oral argument is not necessary. LR 7(c).

    I have previously ruled that petitioners in similar situations do not fit the criteria of § 1225(b)(2). *See Giron Reyes v. Lyons*, 801 F. Supp. 3d 797 (N.D. Iowa 2025); *Chilel Chilel v. Sheehan*, No. 25-cv-4053, 2025 WL 3158617 (N.D. Iowa Nov. 12,

---

[1] The record does not appear to indicate that Singh has sought a bond redetermination before an Immigration Judge, nor would he have to as such a request would be futile. *See Valero-Cabeza v. ICE*, No. 25-cv-217, 2026 WL 296218, at *1 n.2 (N.D. Iowa Feb. 4, 2026) (finding no need for administrative exhaustion in such a situation).

2025). Respondents acknowledge that this case is not materially distinguishable. Doc. 8 at 11 n.5. I therefore adopt the same reasoning here to find that Singh is not subject to mandatory detention under § 1225(b)(2).[2]

As a result, Rashpal Singh's habeas petition (Doc. 1) is **granted**. Because respondents have failed to offer evidence of any change in factual circumstances that would warrant revoking Singh's previously set $7,500, respondents are **directed** to **immediately release** Singh on the conditions of that bond. Singh's motion (Doc. 6) to strike respondents' resistance is **denied**.

**IT IS SO ORDERED** this 10th day of February, 2026.

_____
Leonard T. Strand
United States District Judge

---

[2] I am aware of, and have reviewed, the contrary holding by a panel of the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, \_\_\_ F.4th \_\_\_, 2026 WL 323330 (5th Cir. Feb. 6, 2026). That decision is not binding on this court, nor do I find its reasoning to be persuasive. Unless and until binding authority dictates a different outcome, I will continue to apply my analysis from *Giron Reyes* and similar cases.